# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS _____

United States District Court
Southern District of Texas
FILED

OCT - 7 2016

David J. Bradley, Clerk

UNITED STATES OF AMERICA
V.
Arom Leo SALAZAR-Arriagada
AKA Jose Maria MORCILLO
YOB:1957
POB: Chile

## CRIMINAL COMPLAINT

M-16-1873-M

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 7, 2016 in Hidalgo County, in the Southern District of Texas defendant(s) did, knowingly and willfully attempt to obtain a United States visa by false claim or statements or to have been otherwise procured by fraud or unlawfully obtained.

in violation of Title ___18___ United States code, Section __1546(a).__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

SEE ATTACHMENT A

Continued on the attached sheet and made a part hereof:    X Yes    ☐ No

approved for filing
pursuant 10/7/16

Signature of Complainant
Natt Otterson, Special Agent
U.S. Immigration & Customs enforcement

Sworn to before me and subscribed in my presence,

October 7, 2016  5:38pm     at     McAllen, Texas
Date                                    City and State

Magistrate Judge
Name & Title of Judicial Officer        Signature of Judicial Officer

ATTACHMENT A

Before the United States Magistrate Judge, Southern District of Texas, I, Natt Otterson, Special Agent, Homeland Security Investigations, being duly sworn, depose and say the following:

In the summer of 2016 agents began an investigation into the immigration status of Arom SALAZAR-Arriagada, aka Jose Maria MORCILLO who was born in Chile.

Upon further review of application and other sworn and unsworn records provided to agents by Citizenship and Immigration Services and the Department of State agents observed numerous inconsistencies within between SALAZAR's October 17, 2011 visa application and other known facts. SALAZAR's 2011 visa application which was submitted electronically under the penalty of perjury, and clearly states any willfully false or misleading statement or concealment of material fact made within the application may subject the applicant to criminal prosecution.

Prior to SALAZAR's interview in October 2011 with the Department of State he filled out an application for a United States visa online and willfully concealed the following material facts:

Has anyone ever filed an immigrant petition on your behalf with the United States Citizen and Immigration Services (USCIS)? Response: No. In fact on December 17, 2004 USCIS approved a petition for alien relative filed on behalf of SALAZAR.

Have you ever been arrested or convicted for any offense or crime, even though subject of a pardon, amnesty or other similar action? Response: No. However, a criminal history check for SALAZAR's name and date of birth showed he has arrests for loitering, prowling, resisting arrest; obstruct a police officer with violence, robbery, grand larceny, grand theft, cocaine possession, possession of drug equipment, aggravated battery of a police officer, marijuana possession, shoplifting. SALAZAR has convictions for robbery, cocaine possession; resisting arrest, obstruct a police officer with

violence and larceny. During an interview with the Department of State on October 19, 2011, he admitted to all of the arrests listed above.

Have you ever violated, or engaged in a conspiracy to violate any law relating to controlled substances? Response: No, however, on August 29, 1997 SALAZAR was arrested in Florida for marijuana possession and possession of drug equipment. On January, 12, 1998 SALAZAR was arrested in Florida for cocaine possession and possession of drug paraphernalia and on March 4, 1998 he pled guilty to cocaine possession.

Please provide information on your last five U.S. Visits: Response: SALAZAR provided information indicating only two brief visits in 2003 and 2004. However, the evidence attached to the I-130 visa petition filed on the respondent's behalf indicates he was physically present in the United States during the year 2004.

Lastly on his visa application SALAZAR listed his spouse as Viviana SALAZAR (4/10/72) who was born in Chile, however, a Florida marriage record dated December 19, 2000 listed his spouse as Vivian DAVALOS (4/30/71) who was born in Chicago, IL.

Based on the facts set forth above, I submit that probable cause exists to believe that SALAZAR engaged in unlawful conduct in violation of Title 18, United States Code, Section 1546. First, presenting false claims or lies in the course of trying to obtain a nonimmigrant visa constitutes an attempt (1349) to violate 1546(a), because it is an attempt to "obtain… a visa… for entry into the United States, knowing it…to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud…"  Second, submitting the online visa application constitutes a representation under penalty of perjury. The below lies constitute "false statements with respect to a material fact in any application… which fails to contain any reasonable basis in law or fact"